UNION NAT. BANK v. MENEFEE. †

(Court of Civil Appeals of Texas. Jan. 14, 1911. Rehearing Denied Feb. 11, 1911.)

BILLS AND NOTES (§ 334*)—BONA FIDE PURCHASERS—CIRCUMSTANCES AFTER TRANSFER.

Where a nonresident indorsee of a note, after learning of fraud in the acceptance and negotiation of the note, had in its hands funds of the nonresident payee sufficient to pay the note, the maker is not liable to the indorsee.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 812, 813; Dec. Dig. § 334.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by the Mechanics' Banking Company against O. R. Menefee, and the Union National Bank was substituted as plaintiff. From a judgment for defendant, plaintiff appeals. Affirmed.

Flournoy, Smith & Storer, for appellant. Bryan & Spoonts and Capps, Cantey, Hanger & Short, for appellee.

SPEER, J. This suit was originally instituted by the Mechanics' Banking Company and the Union National Bank was afterwards substituted as plaintiff by agreement of the parties, that bank having become the owner of the note sued on since the bringing of the suit. The action was based upon a promissory note for $2,500 executed by O. R. Menefee payable to the order of the Peabody Buggy Company. The Peabody Buggy Company, the Mechanics' Banking Company, and the Union National Bank are corporations domiciled at Fostoria, Ohio. The note was indorsed by the Peabody Buggy Company to the Mechanics' Banking Company. The defense in substance was want of consideration and fraud in the inception and negotiation of the instrument, and, further, that after the plaintiff, Union National Bank, learned of the facts constituting this defense it had on deposit with it funds belonging to the payee indorser, Peabody Buggy Company, in excess of the amount due on said note which it ought in law to have applied to the satisfaction of that company's obligation to it. A trial before a jury resulted in a verdict for the defendant, and from a judgment based thereon the plaintiff has appealed.

The issue of W. O. Allen representing the Peabody Buggy Company in the transaction leading to the execution of the note by Menefee and the consequent notice to that company of the defense pleaded was clearly raised by the evidence, and the assignments contending to the contrary are therefore overruled.

The remaining assignments are either to the effect that the court should have instructed summarily for the plaintiff or that he erred in submitting to the jury to find whether or not the plaintiff bank had on deposit funds belonging to the Peabody Buggy Company sufficient to pay the indebtedness, instructing, if it did, that such fact would constitute a defense. It is of course apparent that if this latter instruction is the law, the other assignments must of necessity fail. That it is the law we think is abundantly determined by the line of cases in this state headed by Van Winkle Gin & Machinery Co. v. Citizens' Bank of Buffalo, 89 Tex. 147, 33 S. W. 862. In that case, which is in no important respect unlike the one before us, the Supreme Court says: "The case then comes to this: the indorser in good conscience should pay. The bank has its funds in its hands sufficient to satisfy the demand with a perfect right in equity to offset same in satisfaction of the bill; the pursuit of the acceptor in a foreign jurisdiction is clearly not necessary to the bank's protection, but can only serve to allow the indorser (indorsee) to avail himself of the protection given by law to an innocent purchaser in order to cut the acceptor off from a just defense and compel it to pay a sum of money which in equity it

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

should not pay. Under these circumstances with knowledge of the failure of consideration, probably at the time of the filing of the original answer, but certainly when the depositions of its officers were taken as above stated it presses the claim to judgment upon its plea of innocent purchaser in a suit instituted at the instance and expense of the indorser. While expressly waiving its equitable right to offset the deposit conferred upon it by law for its protection and which appears in this case to have been adequate to its complete protection, it invokes the application by the court of another equitable principle, not for its protection, but for the sole and evident purpose of aiding the indorser to obtain an undue advantage over the acceptor. We are of opinion that under these circumstances and for such a purpose the bank was not entitled to the protection afforded by law to an innocent holder and that as between it and the acceptor the deposit should be offset against the bill." See, also, State Bank v. J. Blakey & Co., 35 Tex. Civ. App. 87, 79 S. W. 331; Johnson County Savings Bank v. Renfro, 122 S. W. 37; Sperlin v. Peninsular, Loan & Discount Co., 103 S. W. 232.

The charge correctly presented the law applicable to a state of facts which the evidence raised, if it did not indisputably establish.

All assignments are overruled, and the judgment affirmed.